Let's take up our next case, which is Pechur v. Redbox. Please proceed. Thank you, Your Honor. May it please the Court, I am Thomas Magg. I represent Lauren Pechur in this case. This case, class action, concerns two statutes that I think the parties would agree are seldom, if ever, related. One is the Automatic Contract Renewal Act, and the other is the Rental Purchase Agreement Act. And what this case concerns is these Redbox movie rental kiosks. Russian word, I'm not sure how it ended up in our lexicon. Regardless, you go to these kiosks, you rent a movie, and depending on what happens, you're charged. There is something there. Unfortunately for Redbox, their business model violates Illinois law. This case was dismissed pursuant to 735 ILCS 5-2-619 after getting passed two motions to dismiss and a summary judgment. The articulated basis of the 2619 motion to dismiss that ultimately killed this case was mootness, that Plano's plan was too small to really be actionable, and that Plano failed the state of cause of action. I also previously said this is a class action. The case had previously had its class certification order denied. I believe primarily on the basis of the court's mistaken belief of a failure to state a cause of action. As the court is aware, under the Barbara Coleman case decided by this court, a 2-619 motion presumes two things. One, that all facts alleged in the complaint are true. And two, that you have in fact stated a cause of action. Therefore, legally it is impossible to grant a 2-619 motion for failure to state a cause of action. It presupposes an impossibility under this court of Coleman by an authority. The only articulated basis in the defendant's motion that arguably comports with 2-619 would be the affirmative matter of mootness. And the stated reason that this case is allegedly moot, it's not, is because the defendants tendered to the plaintiff $11 after the class certification motion was denied by the circuit court. There's a couple of problems with that. First, there was a timely class certification motion filed. It was diligently prosecuted by the plaintiff and her class. There was literally nothing the plaintiff could have possibly done to further present or proceed with her claim for class certification. Unlike the normal quote-unquote buyout cases, this is not a case where the plaintiff just sat for years without filing a motion for class certification. Second, the $11. It's not articulated how the defendant computed that $11. But even if $11 somehow would be replenished, individual claim would be otherwise, nothing in the record, and I can state to the court that the defendant did not in fact tender either taxable costs or attorney's fees. Attorney's fees are recoverable under at least one of the two statutes expressly and impliedly under the other statute. But even if they weren't, taxable costs still must be tendered under a mootness claim or a buyout claim in order to create mootness. That didn't happen. Furthermore, as cited in the brief, the Illinois Constitution sets forth a constitutional right to an appeal. And as explained by the deposit guarantee case from the United States Supreme Court, to deny a litigant the opportunity to appeal simply because a defendant thought to buy off a class representative or potential class representative would be in the words of the United States Supreme Court, contrary to sound judicial administration. So what the defendant in essence is asking this court to do is do exactly what the Supreme Court of the United States says is contrary to sound judicial administration, to ignore a plaintiff's constitutional right to an appeal and to overlook the fact that under the precedent that there was in fact no buy-off. As far as defendants' arguments about this being a small claim, absolutely this is a small claim on an individual basis. That's why we have things called class actions. As stated in the brief, to aggregate and bring small cases that individually, arguably, wouldn't be individually worth litigating. As cited in the brief, the United States Court of Appeals for the Seventh Circuit has noted only a lunatic brings an individual claim for $30. I believe it's Zell that wrote that the lunatic is the exact quote. And that's probably true. But what we're trying to do is bring this as a class action. There is nothing that says under Illinois law that a small claim is not actionable. The maximum of law cited by the defendant is that trifles are not actionable. Or that the law will not recognize trifles. And the example cited in the brief by myself where the trifle is not recognized by the court is the contract case where there's a 95% occupancy rate required. And the defendant has a 94.9953 or 52% occupancy rate. It's such a minuscule difference that legally it doesn't matter. An example of this would be somebody patting somebody else on the back, startling them, and that's it. Technically, that might be a battery. But it's such a de minimis battery that it wouldn't be actionable. In this case, we don't have that. There's a specific articulative calculable dollar amount that when aggregated across a class action, it is a large improperly legal recovery for red box and is specifically calculable for plaintiff picture and each member of the plaintiff class or potential plaintiff class. Again, the third basis of the 2-619 order was failure to state a cause of action. And again, it was a 2-619 motion to dismiss. The motion to dismiss was expressly granted under 2-619. 2-619 presumes all the facts you have stated are true and that you have stated a cause of action. And I would note that this case, in front of two different judges, had already gotten past two motions to dismiss previously as well as a motion to summary judgment. That gets us into the issue of class certification. As I articulated previously, I think the primary basis that Judge Longdon failed to certify the case stated in his order is his mistaken belief that the plaintiff failed to state a cause of action. And that was after Judge Lopino himself had denied at least one motion to dismiss. I don't remember whether it was he or Judge Young that denied the motion for summary judgment, and Judge Young had previously denied before he retired a motion to dismiss. In this case, the certification was sought under, was brought under the Automatic Contract Renewal Act and or the Rental Purchase Agreement Act. There were other counts, plaintiffs in the complaint, all of those other than those two statutes were previously voluntarily dismissed. So while the complaint seems long, the plaintiffs have focused only on those two claims. So the court doesn't need to concern itself with the other counts. Judge Lopino stated in his order that the contract did not automatically renew. And I would note that it was the proposed order of the defendants that Judge Lopino signed. Regardless, Mitch Lowe, who at least was, I believe still is, the president of Red Box Corporation, as has cited in both Plaintiff's opening and reply brief, when asked whether or not this contract automatically renewed, stated clearly, unambiguously, that that was his understanding, that it was his understanding that the contract automatically renewed. He was also asked in his deposition whether or not there was any provision in the contract that would be required under the statutes to cancel the contract. And the president of Red Box was unable to find any such language or contract provision in the terms of use. As a side note, although I'm not sure it was conspicuously disclosed as required by the statute, a method to cancel the contract was added in 2011, well after this case was filed. If Red Box is adding a provision to allow a customer to cancel, that means that, impliedly, they believe the automatic contract where a rule lacked complies, and they're attempting to comply with it. Otherwise, there is no point in adding that contractual provision. In addition, there's the issue of the classes. The defendant is going to argue, and I think Judge Lompino mistakenly believed, that Plaintiff was not necessarily a member of all classes. From a practical standpoint, that's not true, and I'll explain. Plaintiff rented her videos in 2008. In 2008, there was no choice of law provision in the terms of use. A choice of law provision was added in, I believe, 2009. The class definitions were drafted in such a way as to, when there was no choice of law provision in the terms of use, to limit the proposed class definition to Illinois only, i.e., the plaintiff is not seeking to apply extraterritorially Illinois law, absent an express choice of law provision inserted in the terms of use by the defendants. Following the enactment of the 2009 terms of use, there has been consistently a choice of law provision in the terms of use to apply Illinois law. As of the enactment or the addition of the terms of use in 2009 to include the Illinois choice of law provision, Plaintiff sought to certify a class nationwide, incorporating the Illinois terms of use, Illinois choice of law provision, in Redbox terms of use, drafted and imposed by Redbox. So the fact that the plaintiff didn't rent in 2009 or thereafter under the terms of use that included an Illinois choice of law provision does not mean that she's not a member of the same class as the person who rented in 2009 or 2010. It is simply narrower at first and then it grows, kind of like a T-shaped, when the defendants amend their terms of use to expand Illinois law nationwide in their terms of use. There's certainly no attempt to impose Illinois law absent the contractual mechanism outside of Illinois by the plaintiffs. Second, the class definition thought to be certified might include both claims under the Automatic Contract Renewal Act and the Rental Purchase Agreement Act. While I would certainly agree that there can only be one recovery for that, the simple fact of the matter is if a person is a member of the class sought to be certified under the Rental Purchase Agreement Act, by operational fact they are also a member of the class thought to be certified under the Automatic Contract Renewal Act. It may not necessarily be true the other way, but a person who has paid or has been charged a maximum $25 a time fee has fallen into the category thought to be certified under the Automatic Contract Renewal Act. Therefore, the plaintiff has standing to bring her claims under both the Automatic Contract Renewal Act and the Rental Purchase Agreement Act, and she has standing to represent the class both in 2008, backwards through the statute of limitations period, as well as from 2009 forward, because there's no material change other than the fact we're seeking to apply Redbox's choice of law. This is the classic case where certification is appropriate. This case can be proved on the merits, one way or the other, by class-wide proof. The proof of plaintiff's claim would be identical in all material respects to any member of the proposed plaintiff's classes. That makes this the perfect case. We don't need any individualized proof. We don't need any mini-trials, any sub-trials. Basically, this case can be computed with Redbox's own information data on who rented what and when in a pocket calculator. Second, there is no SIENTA requirement under the two statutes. They are strict liability statutes. Therefore, subjective intent of anybody is not a factor that would have to be considered by the court. So again, no subjective intent, no mini-trials, no individualized proof. The simple fact of the matter is that Judge Lopino's mistaken belief of failing the stated cause of action and applying 2619 standard band-aids that this case be both reversed and remanded on the motion to dismiss on Judge Lopino's dismissal order. And because of his mistaken belief that Plaintiff failed the stated cause of action, that she wasn't a member of the class, and other mistaken beliefs of that nature, I think it's appropriate to reverse and vacate Judge Lopino's order denying class certification and to remand this case back to the circuit court with instructions to reconsider in light of the fact that Plaintiff did in fact state a cause of action. Thank you, Counsel. Argument on behalf of the athlete. May it please the court. My name is Eric Brenner, and with Bob Sprague we represent Red Box, whose General Counsel Fred Stein is with us today. This 2009 case failed as a class action and then failed as an individual suit for $11. Illinois-based Red Box operates kiosks around the country from which customers rent DVDs. The Plaintiff rented from Red Box twice in July of 2008. She rented three DVDs the first time. She kept those at her election for two days, returned them, and then she rented two more DVDs. She rented those and never returned them. In 2008, Red Box's proposition to its customers was simple and straightforward. Its key terms were explained on signage at the kiosk and on screen during the rental process. The full terms of use were available on screen at the kiosk and also online. The unambiguous integrated agreement that is the terms of use is the rental contract entered into between the customer of each rental and Red Box. And although these terms of use have been revised periodically over time, certain core parts were unchanged  Red Box rented DVDs for a dollar-plus tax per day. There is a single rental. Once the customer selects his or her DVD, checks it out, that starts the rental agreement. It also starts the rental term. The customer then, at his or her election, keeps the DVD as long as they wish. If they return it before 9 p.m. the day after they've rented it, they're charged the one dollar. If they keep it past 9 p.m., it is a dollar for every day. There is only one rental agreement. There are no periodic payments. The payment for the duration of your rental is determined by how long the DVD has gone from a Red Box kiosk, is calculated upon return, and the fee is charged. So no periodic payments and a single rental agreement as the only fair construct of those facts. So as a result, the corollary, the contract does not renew. Every day one keeps it doesn't issue a new, there's not a periodic payment and there's not a new agreement. It's just the continuing obligations under the original agreement up through 25 days. After 25 days, if the DVD is not returned, during which time the company's not been able to rent it out for its dollar a day to other customers, the customer is charged the maximum $25 fee and the contract automatically terminates. So it's not a perpetual contract. It's one that terminates automatically if not terminated by the customer before the 25th day. The plaintiff testified that she was specifically aware of and agreed to the rental terms contained in the terms of use then enforced and she testified she understood them. For her two rentals where she took three out for two days and then one out for the one day but never returned it, she never paid the maximum fee because the card she used when she initiated that second rental was invalid. It didn't have enough. It was a prepaid card. So there was not, no other charge was made. So her maximum damages, the amount that she paid to Redbox, the only testimony that we have for her use was $8. After class certification was denied in this matter, in 2013, we tendered $11, which is the $8 plus interest. So in our estimation, that left the plaintiff to be without damages after class certification was denied. Plaintiff narrowed her case before class certification down to two, as her counsel said, seldom litigated Illinois statutes. These are the only claims at class certification and then at the time of dismissal. Those two claims are this Illinois Automatic Contract Renewal Act, and think of that as health club contracts, contracts that just perpetually renew forever unless you affirmatively terminate them. And the other was Illinois Rental Purchase Agreement Act. Think of furniture or appliance washing machine rentals where there's periodic payments that you can, if you're elected, convert into purchasing those rented items. Neither statute applies. The circuit court agreed when presented with the full record at class certification that there were not grounds to, there was no cause of action under either statute. The plaintiff has failed to show any abuse of discretion, and that's the standard under which the denial of class certification is evaluated. And for that and other reasons, the court denied class certification May 21, 2013. This appellate court properly declined to review that denial of class certification under the plaintiff's petition for leave to appeal. This court denied that leave in October 2013 because plaintiff had not shown to submit any abuse of discretion. The Supreme Court subsequently also properly denied plaintiff's petition for leave to appeal to that court in March 2014. As noted, the denial of class cert is subject to abuse of discretion standard. None was ever shown. It was also the grounds for the denial, or rather the grant of the dismissal of the case, the individual case that occurred in December 2014 that the plaintiff had not stated a cause of action. But we also had matters outside the pleadings, including that we had tendered damages to move the case, and also the amount of the damages were matters outside. So the court determined that whether it was going to spend judicial resources to try an $11 case, we think the court soundly and properly decided that it would not use Illinois' scarce resources to try an $11 case. So let me first, briefly enough, I won't belabor it, turn to the first order that's on appeal, which is the denial of class certification. The court had four separate grounds for the denial. Any one of those would justify affirming that ruling. The first, and we think a very persuasive ground, was the court's finding that the plaintiff had not stated a cause of action under either of these seldom litigated statutes. The Automatic Contract Renewal Act, as I said, for health clubs, that are contracts that perpetually renew, and those contracts must conspicuously disclose renewal provisions and cancellation provisions. The contract at issue is not an automatically or perpetually renewing contract. It just does not, the statute does not apply by its own terms, and by the very plain terms of the terms of use in effect when Ms. Bycher rented from Redbox. And even if they were renewing, I guess about further, the contract automatically terminates. So unlike the health club case, which is one of the few cases that was tried under the statute, where if you don't cancel your contract, the health club keeps charging your card, the Redbox single rental agreement terminates on 25 days if you haven't returned the DVD. So the statute is inapplicable, and the circuit court correctly recognized that. The reference to Mitch Lowe's one-line testimony I think is not what was represented as clearly ambiguous. I think it is qualified, it is frankly a question at the end of a deposition seeking a legal conclusion from a lay witness. It doesn't change the fact that this unambiguous contract is not an automatically renewing contract. It just, it's beside the point. On the rental purchase agreement act, again that's the one I said which applies to like washing machines and living room furniture sets, that defines a rental purchase agreement by the statute is an agreement for the use of merchandise by a consumer or less, and here's the critical part, that is automatically renewable with each payment after the initial period and permits the consumer to become the owner of the merchandise. So the Redbox contract is not automatically renewable with each payment. There is, under current structure, there's only a payment at the end of the term, and under, I think at least the beginning of the period, there was the $1 that was charged, but then there's no periodic payment, there's just a payment based on the duration of the rental for however long the customer keeps it for the maximum of 25. So that statute does not apply, even if it did. Again, maybe I don't have to go here, but the statute just prohibits charging a reinstatement fee unless a periodic payment is delinquent for three days. Well, with no periodic payments, there's no delinquency fee, so again, even if the statute applies, we're not violating the statute because, again, these statutes were designed for different kinds of consumer transactions than printing DVDs. Accordingly, there was no abuse of discretion. When the circuit court found she had not stated a claim, and this alone would justify the court affirming that ruling. Briefly, just the prior interlocutory orders, they were all summary rulings. By definition, interlocutory orders are not final, and the circuit court judge is entitled to make any alterations to those orders. Very briefly, not only was there no claim stated for Class Cert, but the plaintiff failed three of the four grounds under the Class Action Statute. She's not an adequate class representative. They presented four classes. One class was for people in Illinois who rented and returned a disc and were charged more than $5. The three discs that she rented, she was charged $2 a disc. So there's no, she doesn't fit her first class. Her second class were people from 2004 to 2009 in Illinois who were charged the maximum charge for the disc. We submit because she never paid that, she lacks standing to be a member of the maximum charge class that she asserts. Third class is for people after 2009 who rented and returned a disc and were charged more than $5. She didn't rent after 2009. She never returned a disc, and she wasn't charged $5. And the last class is a maximum charge class for people charged more than the $25 after 2009. She didn't rent after 2009, and she never paid the $25. Without standing and participation in every class, she is not an adequate class representative. The circuit court also found that she, that there was not a predominance of common questions of backdoor law. And this derives in large part from the fact that the terms of use changed over time. Some of the terms of use had a choice of law provision. Some had a due page venue provision. Some, when they did have an Illinois choice of law provision, the scope of that Illinois law provision varied. You heard that they said this Illinois choice of law should mandate application of Illinois law to a national class. That's just not the law in the state. You have to do an analysis of the provision, of the choice of law provision. And this choice of law provision is a narrow, we think, apply to contract claims only. So a claim under the terms of use would be governed by Illinois law. It's an Illinois contract. But statutory claims, such as the ones they're bringing, they're not bringing a contract claim. Statutory claims are going to have to be decided under a standard choice of law analysis. And we submit that that would lead to 50 states' application. Also, we submit that there's not a predominance of facts because you'd have to look to see whether customers understood the rental agreement when they rented it. Did they know by just returning the DVD that they would terminate the contract? We submit that there's not a predominance of fact questions either in the class. Finally, the circuit court denied class certification because it found that class action was not an appropriate method. And that is because the two statutes at issue do not have a territorial application by their terms and by analysis of the statutory language. They were drafted by the Illinois legislature to apply to Illinois residents. And there'd be no basis to, as would be inherent in their class action, to apply Illinois statutes to people outside Illinois. So that was the 2013 denial of class certification. We think there was no problem with use of discretion and that order should be affirmed. After class certification was denied, as I've indicated before, we tendered $11 and we brought a 2-619 motion because our tender was outside of the complaint. It was only because the class certification motion was denied that we did the tender. We're not trying to pick off a plaintiff in an existing class action. The cases that they cite where they're not allowed to pick off and the one that they supplemented the record with, where the question is how sufficient was that underlying, this is the recent Illinois Supreme Court case, where the appellate, I think, I'm getting a little off on how that chronology worked, but that issue there was how sufficient was the underlying class certification motion. But that's irrelevant here because the class certification motion was no longer pending. It didn't matter whether it was a bona fide motion or not. We didn't do the tender until after the class certification was denied. So if she was an individual with an $11 damages case, we tendered the $11, that moves her case without damages. The circuit court also dismissed under the doctrine of de minimis non curat lex, which we think should have application. It is a powerful doctrine in view of the fact that a court should not be forced to try an $11 case and especially a moot $11 case. And finally, the court I think could be found to have properly dismissed the $11 case because it found there was no cause of action under either statute. So for that reason, we don't think the plaintiffs have made out a case that the circuit court was erroneous in its dismissal of the $11 individual case. So for those reasons, we would respectfully submit that two circuit court orders on appeal should be approved. Thank you, Counselor. Rebuttal? Thank you, Your Honor. Again, the plaintiffs in this case are not seeking the extraterritorial application of Illinois law by virtue of the General Assembly passing a statute. We are simply seeking to enforce a choice of law provision drafted by a defendant that would apply Illinois law. The appropriate remedy, even if we're wrong, though, on whether or not Illinois law can be certified, is not to deny certification across the board. Even if we're wrong and the defendant is right, the appropriate remedy is to certify only an Illinois class. Indisputably, the acts of the General Assembly apply within the territorial confines of the state of Illinois. But I don't believe we are wrong because the terms of use are much broader than that of even this court's decision of a Halby Sprint. The terms of use in this case make reference to governing all aspects of the, quote, relationship between you and us. Well, clearly, what's being sued for in this case is part of the relationship between plaintiff and the class, or pre-tated class, and the defendant. Furthermore, the Automatic Contract Renewal Act doesn't say anywhere in it that there's some requirement that the contract be perpetually renewing in order for the Automatic Contract Renewal Act to apply. The word perpetual, as well as any synonyms of perpetual, is nowhere in that statute. So that argument of counsel is respectfully a complete red herring. Also, the prior denials of petitions for leave to appeal, also complete red herrings. This court, the Supreme Court, denied petitions for leave to appeal all the time for reasons that either this court or the Supreme Court have in their particular case, and it has nothing to do with the merits of the case. The fact that the Supreme Court or this court previously chose not to take up an interlocutorial appeal does not change the fact that we're here now properly in front of this court with jurisdiction and a contract. As far as the argument that Ms. Peicher never paid the maximum fee charge, well, that's not exactly true. But even if it was, that's not what's alleged. What's alleged in the complaint and what gives her standing initially is that she was charged the $25 times 2. The fact that you're charged means that you have standing because you have something at issue. The fact that her credit card or debit card may not have gone through at that time doesn't change the fact that arguably she was obligated to pay that sum of money. In fact, the defendants, and I don't remember exactly where on the board, but the plaintiff, Ms. Peicher, for this unpaid $50. In fact, because of that, the defendant, or the plaintiff, I'm sorry, actually tendered to the defendants the $50 payment for that credit card or debit card that didn't go through. Thus, she did actually tender the payment for the charge that didn't go through that the defendants in one of their briefs think that they could actually sue her for. So clearly, she does have standing. The counsel argued that the only fair construct of this contract is that it does not automatically remit. Again, that's certainly interesting in light of the fact that the corporate president of Red Box, at a deposition, I know that one was particularly, he was deposed by Tom Key, regardless, he testified in the exact quotation that this court can read for itself to see whether that's clear, vague, or ambiguous. I don't think it is. Stated that it was his understanding that the contract automatically renewed. I certainly understand why counsel is taking the position that they are. Thank you. We will take this case under advisement and issue a written decision due course. Thank you.